**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CHARLES L. JOHNSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-cv-00141-NKL |
| | ) | (Crim. Case No. 4:07-cr-00374-NKL-1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

In view of the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), Charles L. Johnson moves under 28 U.S.C. § 2255 to vacate his conviction for use of a firearm during a crime of violence. For the reasons discussed below, the motion to vacate is denied. The Court also denies a certificate of appealability.

**I.    Introduction**

In 2008, judgment was entered against Johnson based on his plea of guilty to one count of carjacking under 18 U.S.C. § 2119, and one count of use of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A), that is, the carjacking. This Court sentenced him to 77 months of imprisonment on the carjacking count, the bottom of the applicable sentencing guidelines calculation, and a consecutive 84 months on the firearm count, the top of the applicable calculation. Johnson did not appeal his conviction.

A "crime of violence," for purposes of § 924(c)(1)(A), is:

> (3) … an offense that is a felony and—
>
> > (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  The judgment entered against Johnson does not distinguish between the elements clause, subsection (A), or the residual clause, subsection (B), of § 924(c)(3).

## II.    Discussion

Johnson argues the residual clause of § 924(c)(3) is unconstitutionally vague in view the Supreme Court's *Johnson v. United States* analysis, and that § 924(c)(3)'s elements clause does not cover the underlying crime of carjacking, so his conviction for use of a firearm during a crime of violence must be vacated.

In *Johnson*, the Supreme Court examined a challenge to the residual clause of the Armed Career Criminal Act.  The Act requires a minimum sentence of 15 years if a person violating 18 U.S.C. § 922(g) (felon in possession of a firearm), has three prior convictions for a "violent felony," § 922(e)(1).  A "violent felony" for purposes of the Act is:

> [A]ny crime punishable by imprisonment for a term exceeding one year…that—
>
> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves, the use of explosives, or <u>otherwise involves conduct that present a serious potential risk of physical injury to another</u>.

§  924(e)(2)(B) (emphasis added).    Subsection (i) is the elements clause; burglary, arson, extortion, and explosives are subsection (ii)'s enumerated offenses; and the final portion of subsection (ii), underlined above, is the residual clause.  *Johnson* invalidated the Act's residual clause, 135 S.Ct. at 2556, and *Johnson* applies retroactively, *Welch v. United States,* 136 S.Ct. 1257, 1265 (2016).  The decision in *Johnson* did "not call into question" the elements clause or enumerated offenses subsections of the Act.   135 S.Ct. at 2563.

For the reasons discussed below, the Court concludes it need not decide here whether the residual clause of § 924(c)(3) is unconstitutionally vague in view of the *Johnson* analysis, because Charles Johnson is nevertheless subject to conviction pursuant to § 924(c)(3)'s elements clause.

As noted, Johnson pled guilty to use of a firearm during a crime of violence, the carjacking. The elements clause of the definition of a crime of violence provides that such crime:

> (A)     has as an element the use, attempted use, or threatened use of
>         <u>physical force</u> against the person or property of another[.]

§ 924(c)(3)(A) (emphasis added).  In turn, there are "three basic elements" to the crime of carjacking:

> (1)     the defendant took or attempted to take a motor vehicle from
>         the person or presence of another by force and violence <u>or
>         intimidation</u>;
>
> (2)     the defendant acted with the intent to cause death or serious
>         bodily harm; and
>
> (3)     the motor vehicle involved has been transported, shipped, or
>         received in interstate or foreign commerce.

*U.S. v. Casteel,* 663 F.3d 1013, 1019 (8th Cir. 2011) (quoting *U.S. v. Wright,* 246 F.3d 1123, 1126 (8th Cir. 2001)) (citing 18 U.S.C. § 2119) (emphasis added).  Johnson focuses on the word "intimidation" in § 2119, arguing it does not necessarily encompass "physical force" as required under § 924(c)(3)(A), and that carjacking therefore does not categorically qualify as a crime of violence.

But the Eighth Circuit has previously held that the federal crime of carjacking qualifies as a crime of violence under § 924(c), as well as a United States Sentencing Guideline that uses a definition essentially identical to the one contained in § 924(c)(3)(A).  Specifically, in *United States v. Jones,* the court held, without discussion, that a carjacking conviction under § 2119

qualified as a crime of violence for purposes of § 924(c)(1). 34 F.3d 596, 601-02 (8th Cir. 1994)

(citing *United States v. Singleton,* 16 F.3d 1419, 1425 (5th Cir. 1994); *United States v. Johnson,* 22

F.3d 106, 108 (6th Cir. 1994); and *United States v. Mohammed,* 27 F.3d 815, 819 (2nd Cir. 1994)).

This Court notes that *Jones* involved the original version of the carjacking statute, which at

the time included the element of possession of a firearm while committing the carjacking.[1] At the

time *Jones* was decided, a number of courts had previously held armed carjacking under § 2119

always constituted a crime of violence for purposes of § 924(c)(1), inasmuch as armed carjacking

always presented a substantial risk of force being used against a victim reluctant to surrender his or

her vehicle. *See Jones*, 34 F.3d at 601-02 (and cases cited therein).

Congress amended § 2119 in 1994 and 1996. The 1994 amendment, part of the Violent

Crime Control and Law Enforcement Act, deleted reference to possession of a firearm, and

replaced it with the *mens rea* element of "intent to cause death or serious bodily harm." Pub. L

No. 103–322, 108 Stat 1796, § 60003(a)(14) (1994). The 1996 amendment, part of the

Carjacking Correction Act, added death as a possible punishment for certain offenses, and

specified that "serious bodily injury" includes certain sexual assaults. Pub. L. 104-217, 110 Stat.

3020, § 2 (1996). For the reasons discussed below, the Court concludes *Jones* is not

---

[1]    That original version covered a person:

> Who[], possessing a firearm as defined in section 921 of this title,
> takes a motor vehicle that has been transported, shipped, or received
> in interstate or foreign commerce from the person or presence of
> another by force and violence or by intimidation, or attempts to do
> so...[.]

18 U.S.C. § 2119 (1988 ed., Supp. V) (emphasis added).

distinguishable from the case before it, notwithstanding the differences between the version of the carjacking statute at issue in *Jones* and at issue here.

In *U.S. v. Mathijssen*, 406 F.3d 496, 500 (8th Cir. 2005), the Eighth Circuit examined whether the California crime of carjacking qualified as a crime of violence for purposes of enhancement of the defendant's sentence as a career offender under § 4B1.1 of the United States Sentencing Guidelines. The Guidelines define a crime of violence as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, and that:

> (1)     has as an element the use, attempted use, or threatened use
>           of physical force against the person of another, or
> (2)     is burglary of a dwelling, arson, or extortion, involves use
>           of explosives, or otherwise involves conduct that presents
>           a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (emphasis added). Citing *Jones,* 34 F.3d at 601-02, the Eighth Circuit explained it had previously,

> [E]xpressly stated that the federal offense of carjacking, involving
> the taking of a vehicle 'from the person or presence of another by
> force and violence or intimidation,' 18 U.S.C. § 2119, 'is a crime of
> violence' within the meaning of the term in 18 U.S.C. § 924.

406 F.3d at 500. The court concluded that the California offense "similarly meets the definition of a crime of violence under the sentencing guidelines because it qualifies independently under both" parts of § 4B1.2(a). *Id.* Section 4B1.2(a)(1) of the Sentencing Guidelines is essentially identical to § 924(c)(3)(A) at issue here.

*Mathijssen* was decided in 2005, after the amendments of § 2119, and the court in *Mathijssen* expressly focused on § 2119's requirement that the taking of the vehicle be "by force and violence or intimidation"—a requirement under both the prior and later versions of § 2119. The court cited *Jones* and did not distinguish the case in any way, nor address differences between

the original and later versions of the statute when it reaffirmed its holding in *Jones*.   In short, *Mathijssen* establishes that the post-*Jones* amendments to § 2119 do not affect the categorization of carjacking as a crime of violence. This conclusion is supported by the nature of the amendments—addition of the *mens rea* element of "intent to cause death or serious bodily harm," addition of the death penalty for certain offenses, and specification that "serious bodily injury" includes certain sexual assaults—which are consistent with violent crimes.

This view of *Mathijssen* is further reinforced by the Eighth Circuit's subsequent decision in *United States v. Hicks*, 374 F. App'x 673 (8th Cir. 2010), which concerned the same Sentencing Guidelines at issue in *Mathijssen*.   In *Hicks*, the Eighth Circuit held, without elaboration, that the defendant's federal conviction of aiding and abetting a carjacking was a crime of violence for purposes of the Sentencing Guidelines.   *Hicks*, 374 F. App'x at 674 (citing 18 U.S.C. § 2119, and *United States v. Brown,* 550 F.3d 724, 728 (8th Cir. 2008)[2]).

Thus here, inasmuch as U.S.S.G. § 4B1.2(a)(1) and § 924(c)(3)(A) are essentially identical, *Mathijssen* and *Hicks* further support the conclusion that the federal crime of carjacking qualifies as a crime of violence.   *See United States v. Cowan,* 696 F.3d 706, 708-09 (8th Cir. 2012) (where federal statute and sentencing guideline have similar structure and wording, interpretation of one can be instructive with respect to interpretation of the other).

In view of the foregoing, the Court denies Johnson's petition because he is subject to conviction under § 924(c)(1)(A) for commission of  a "crime of violence," as defined by § 924(c)(3)'s elements clause.

---

[2]        In *Brown*, the Eighth Circuit explained that "an aider and abettor is guilty of the underlying offense," and that under U.S.S.G. § 4B1.2(a), cmt. n. 1, "crimes of violence" include aiding and abetting.   550 F.3d 724, 728.

Johnson does not address *Jones, Mathijssen*, or *Hicks*. But he argues that the force threatened in the commission of a crime must be force that is applied directly and violently in order to qualify as physical force under § 924(c)(3)(A), and that while "intimidation" under the carjacking statute encompasses threat of bodily injury, it would not necessarily encompass threat of the use of direct, violent force.[3] He cites cases from other circuits in which courts have distinguished crimes based on physical injury caused without the use of direct physical or violent force, such as by putting poison in a victim's drink. *See* Doc. 7, pp. 13-15 (*e.g., United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012)). The arguments do not distinguish *Jones, Mathijssen*, or *Hicks*, and in any event the Eighth Circuit has recently rejected similar arguments in *United States v. Rice,* 813 F.3d 704 (8th Cir. 2016).

In *Rice*, the court considered whether the defendant's prior felony conviction for second degree battery under Arkansas law constituted a crime of violence under U.S.S.G. § 4B1.2(a)(1). The Arkansas law provided that a person is guilty of second degree battery if he "intentionally or knowingly, without legal justification, causes physical injury to one he knows to be" within a

---

[3]      Johnson and the United States agree that the definition of intimidation used with respect to analogous federal robbery statutes, such as bank robbery, is appropriate for use with respect to the carjacking statute, Doc. 7, pp. 12-13 and Doc. 9, p. 15, and the Court sees no reason why it should not be. *See United States v. Soler*, 759 F.3d 226, 232 (2nd Cir. 2014) (citing the legislative history of 18 U.S.C. § 2119, the court explains that the federal carjacking statute is one of various federal statutory offenses of robbery, and tracks the language used in other such statutes, such as 18 U.S.C. § 2113, bank robbery).
     The Eighth Circuit has long held that the "intimidation" element of the federal bank robbery statute is satisfied if "an ordinary person" in the position of the bank teller "reasonably could infer a threat of bodily harm from the defendant's acts[.]" *United States v. Yockel,* 320 F.3d 818, 824 (8th Cir. 2003) (internal quotations and citations omitted)); *United States v. Brown*, 412 F.2d 381, 384 (8th Cir. 1969) (same). *See also* KEVIN J. O'MALLEY, JAY E. GRENIG and HON. WM. C. LEE, 2B FED. JURY PRAC. & INSTR. § 58.04 (6th ed.) (stating that for purposes of federal carjacking statute, intimidation means doing some act or making some statement "to put someone in fear of bodily harm," and that there is "no reason" to treat the concept any differently than it is with respect to 18 U.S.C. § 2113 or 18 U.S.C. § 2118).

specified, protected class of persons.  *Id.* at 705 (citing Ark. Code Ann. § 5-13-202).  The court

held that it did, relying on *United States v. Castleman,* 134 S.Ct. 1405 (2014).

In *Castleman*, the defendant had been convicted of "intentionally or knowingly caus[ing]

bodily injury" to his child's mother in violation of Tennessee law.  *Id.* at 1414.  The Supreme

Court held that the Tennessee conviction included the use of physical force as an element for

purposes of 18 U.S.C. § 921(a)(33)(A)(ii), which defines the misdemeanor crime of domestic

violence, because "[i]t is impossible to cause bodily injury without applying force."  *Id.* at 1415.

In *Rice*, the Eighth Circuit noted that the physical force requirement of the law at issue in

*Castleman* could be "satisfied by even the slightest offensive touching," in contrast to the

Sentencing Guideline at issue with respect to Rice's conviction, which required "force capable of

causing physical pain or injury to another person."  813 F.3d at 706 (internal quotations and

citations omitted).  But the court held that Rice's conviction of intentionally or knowingly

causing physical injury to another constituted violent force under the Sentencing Guideline, "since

it is impossible to cause bodily injury without using force 'capable of' producing that result."  *Id.*

(quoting *Castleman,* 134 S.C. at 1416-17 (Scalia, J., concurring)).

The Eighth Circuit expressly rejected Rice's argument that injury could be caused without

the required physical force, such as by offering a victim a poisoned drink.  The court

acknowledged that other courts of appeal had reached differing conclusions prior to *Castleman*,

but concluded that *Castleman* resolved the question "because there the [Supreme] Court held that

even though the act of poisoning a drink does not involve physical force, 'the act of employing

poison knowingly as a device to cause physical harm' does."  *Id.* (quoting *Castleman,* 134 S.Ct. at

1415).  Whether "'the harm occurs indirectly, rather than directly (as with a kick or punch), does

not matter[.]' … [O]therwise 'one could say that pulling the trigger on a gun is not a 'use of force' because it is the bullet, not the trigger, that actually strikes the victim.'" *Id.* (quoting *Castleman,* 134 S.Ct. at 1415).

Accordingly, Johnson's arguments concerning physical injury caused without the use of direct physical or violent force do not change the analysis.

## III.    Certificate of appealability

A certificate of appealability is issued only "if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   The applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."   *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quotation and citation omitted).

For the reasons discussed above, Johnson has not made a substantial showing of the denial of a constitutional right.   Consequently, the Court denies a certificate of appealability.

## IV.    Conclusion

Petitioner Johnson's motion to vacate is denied, and a certificate of appealability is denied.


                                                    s/ Nanette K. Laughrey
                                                    NANETTE K. LAUGHREY
                                                    United States District Judge

Dated:   June 8, 2016
Jefferson City, Missouri